

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2002

# USA v. Sanchez-Reyna

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2190

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Sanchez-Reyna" (2002). *2002 Decisions.* Paper 394.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/394

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2190


UNITED STATES OF AMERICA

v.

LUCIANO ABRAHAM SANCHEZ-REYNA,

Appellant


On Appeal from the United States District Court
for the District of New Jersey
D.C. Crim. No. 00-00723-1
Honorable Alfred J. Lechner, Jr., District Judge


Submitted under Third Circuit LAR 34.1(a)
July 12, 2002

BEFORE: SCIRICA and GREENBERG, Circuit Judges,
and FULLAM, District Judge*

(Filed: July 12, 2002)


*Honorable John P. Fullam, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.


OPINION OF THE COURT


GREENBERG, Circuit Judge.

Appellant Luciano Abraham Sanchez-Reyna, while represented by a retained
attorney, Daniel L. Weiss, pleaded guilty to an information charging him with unlawful
reentry into the United States in violation of 8 U.S.C.   1326(a) and (b)(2) after being
deported following his conviction for an aggravated felony.  The district court calculated
his total offense level at 21 which, with his criminal history category of III, yielded a
sentencing range of 46 to 57 months.  The district court, finding that there was no reason
to depart from the sentencing guidelines range, sentenced him to a term of 54 months to
be followed by a three-year term of supervised release.  The court did not impose a fine.

Sanchez-Reyna filed a timely appeal to this court and moved for the
appointment of an attorney under the Criminal Justice Act.  We initially appointed Weiss
to represent him on this appeal but subsequently granted his application to withdraw and

appointed Steven A. Feldman in his place.  Feldman thereafter filed a motion to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), together with a comprehensive and thoughtful brief making a thorough analysis of all possible issues on this appeal and concluding that, if raised, they would be frivolous.  Accordingly, he has requested that we relieve him as counsel and dismiss the appeal.  The government concurs.

We independently have reviewed this matter and agree with the parties' analysis that there are no non-frivolous issues that could be advanced on the appeal.  The possible issue that comes closest to being substantial is attributable to the sentencing disparity between the sentences imposed upon a plea of guilty for illegal reentry in the Southern District of California and the rest of the country by reason of approximately one-half of the prosecutions being brought nationally for illegal reentry in that district.  See United States v. Bonnet-Grullon, 53 F. Supp. 2d 430, 432 (S.D.N.Y. 1999) , aff'd, 212 F.3d 692 (2d Cir. 2000).  To dispose of this inordinate volume of cases, the United States Attorney in the Southern District of California usually permits the defendant to plead guilty to simple illegal reentry under 8 U.S.C.  1325(a), pursuant to a fast track program, and thus be eligible for a lower guidelines sentence than that imposed for identical conduct in cases prosecuted under section 1326(a).  In light of this practice, Sanchez-Reyna's brief contends that while the court here imposed a 54-month sentence, if he had "committed the same offense in San Diego, he would have received 24 month[s] under the 'fast-track' program."  Br. of Appellant at 13.  The brief recites that "it is unfair for a defendant's sentence to turn on whether he illegally re-entered the United States in New Jersey or California."  Id.  Thus, the brief argues that he should be entitled to relief by reason of this disparity.

Nevertheless, the brief acknowledges that the case law establishes that such relief is not available.  See United States v. Banuelos-Rodriguez, 215 F.3d 969 (9th Cir. 2000) (en banc); United States v. Bonnet-Grullon, 212 F.3d 692 (2d Cir. 2000).  While it would be possible for courts in districts other than the Southern District of California to depart downwards from the sentencing ranges in section 1326(a) and (b)(2) convictions so that the ranges would be consistent with those in section 1325(a) convictions, the above courts of appeals cases demonstrate there is no legal basis for such a departure.  Moreover, Sanchez-Reyna's attorney did not ask for a departure on the basis of this disparity, and, thus, the absence of a departure could be challenged on this appeal only on a plain error basis.  See United States v. Vazquez, 271 F.3d 93, 99-100 (3d Cir. 2001) (en banc), cert. denied, 70 U.S.L.W. (U.S. June 28, 2002).  But clearly the district court did not commit error at all, much less plain error, in not departing from the guideline range.  Thus, the disparity issue, though not unappealing, is simply not meritorious.

Sanchez-Reyna's brief also points out that there appears to be no basis to argue that his district court attorney was ineffective.  We agree with this position, at least insofar as we can review the attorney's performance from the record before us.  In any event, as the brief further points out, an appellant ordinarily cannot raise an argument on direct appeal that his district court attorney was ineffective.  See United States v. Sandini, 888 F.2d 300, 311-12 (3d Cir. 1989).

For the foregoing reasons, we will grant Feldman's motion to withdraw and will dismiss this appeal.

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Morton I. Greenberg
Circuit Judge


DATED